UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JEREMY N. CRUTCHFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 3:05-CV-131 |
| | ) | (VARLAN/GUYTON) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of plaintiff's motion for summary judgment [Doc. 12] and the defendant's motion for summary judgment. [Doc. 14]. Plaintiff Jeremy N. Crutchfield seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

> 1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R. §§ 404.1520(b) and 416.920(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 C.F.R. §§ 404.1527 and 416.927).

7. The claimant has the following residual functional capacity: moderate difficulty maintaining social function and control, ability to perform detailed tasks, avoiding interaction and the public, and he should maintain a low stress environment.

8. The claimant's past relevant work as warehouse worker did not require the performance of work-related activities precluded by his residual functional capacity (20 C.F.R. §§ 404.1565 and 416.965).

9. The claimant's medically determinable bipolar disorder, cannabis abuse, with anxiety and manic symptoms episodically do not prevent the claimant from performing his past relevant work.

10. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 C.F.R. §§ 404.1520(e) and 416.920(e)).

(Tr. 24-25).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004); Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

Plaintiff, who is twenty-six (26) years old and has past work experience as a general office clerk, police clerk, and warehouse worker, argues that the ALJ erred by not finding him disabled by his mental condition. Although he notes that the ALJ determined that he has "severe" mental impairments of bipolar disorder, anxiety, and manic symptoms, he contends that the ALJ erred in evaluating the severity of his mental impairments and their effect on his ability to work. (Tr. 22-23). Plaintiff lists diagnoses of acute stress reaction, acute post-traumatic stress disorder with insomnia, anxiety reaction, depression, chemical dependency, cannabis abuse, and Global Assessment of Functioning ("GAF") scores ranging from 26 to 50, as support for his argument. (Tr. 202-03, 214). Plaintiff has received mental health treatment on several occasions and maintains that the evidence demonstrates that he lacks the ability to meet

the basic mental demands to successfully and consistently engage in substantial gainful activity. Moreover, he argues that when the effects of his mental impairments are considered in combination, a finding of disability is warranted.

The Commissioner asserts that substantial evidence supports the ALJ's determination, noting that plaintiff's cites to subjective complaints, diagnoses, and some isolated GAF scores are not enough to support a claim of disability. She argues that no medical source of record opined that plaintiff is disabled by his mental condition and noted that the ALJ concluded in his decision that plaintiff's mental residual functional capacity ("RFC") finding is consistent with the opinion of every medical source who rendered an opinion, including the opinions of two consultative psychologists and two state agency, reviewing psychologists. (Tr. 23, 245-48, 270, 300-01, 304, 317). Moreover, the Commissioner notes, and plaintiff admitted to consultative psychological examiner Branton, that the record demonstrates that his mental condition was under control when he followed prescribed treatment. (Tr. 23, 214, 234, 253-54, 301, 319, 489, 656). Lastly, the Commissioner asserts that plaintiff ignores other critical evidence, such as his report to the staff at Fairbanks (Alaska) Hospital on January 23, 2001 that he was about to begin a job search after just recently losing his job (Tr. 197) and that his mental limitations are affected by his marijuana abuse rather than the result of bipolar disorder. (Tr. 214, 321, 489, 656).

Although plaintiff claims that the ALJ did not consider the combination of his impairments, the Commissioner points out that plaintiff does not allege which impairments the ALJ did not consider, noting that plaintiff's consistent diagnosis, starting after his onset date in January 2001, was for bipolar disorder and that he alleged only bipolar disorder in his

4

application for disability benefits. (Tr. 43, 98).

I find the Commissioner's argument persuasive that plaintiff has failed to show that he has a disabling mental impairment. The burden of proof of a mental disorder is on the plaintiff, who must not only establish the existence of a medically diagnosed mental impairment, but must also prove its severity and functional impact. Foster v. Bowen, 853 F.2d 483, 488-89 (6th Cir. 1988). The fact that plaintiff was diagnosed or prescribed medication for bipolar disorder is not enough to establish a disabling mental impairment. Young v. Secretary of Health and Human Services, 925 F.2d 146, 151 (6th Cir. 1990).

Also, plaintiff himself testified that when he followed prescribed treatment, including taking his medication, his condition was controllable. (Tr. 776) Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927 (6th Cir. 1987) (condition controllable by medication is not disabling). The ALJ reasonably relied on the opinions of two consultative psychological examiners and two state agency, reviewing psychologists to find that plaintiff had only moderate limitations in social functioning and in concentration, persistence, and pace and mild limitations in daily activities. (Tr. 22-23) Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420, 1428 (1971) (written report of a consultant physician who has examined the claimant can constitute substantial evidence); 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i) (State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation). Moreover, as the Commissioner points out, the record is replete with notations by physicians regarding plaintiff's cannabis dependence, as well as multiple chemical dependency, which cannot be dismissed in assessing plaintiff's mental impairment. (Tr. 232,

234, 239-40, 259, 317, 319, 321, 323, 782-83). Lastly, I note that plaintiff stated <u>after</u> his onset disability date of January 15, 2001 that he was "getting ready to start looking again [for work]." (Tr. 197). In light of the foregoing, I find that plaintiff has failed to meet his burden of proving a disabling mental impairment.

Furthermore, as the Commissioner points out, plaintiff fails to specify in his brief what impairments should have been considered in combination. However, I note that because the ALJ referred to plaintiff's "impairments" numerous times, this issue is without merit. (Tr. 24, Finding Numbers 3, 4, 6) <u>Gooch v. Secretary of Health and Human Services</u>, 833 F.2d 589, 591-92 (6th Cir. 1987) (ALJ considered claimant's impairments in combination where he referred to "a combination of impairments" in finding claimant did not have a listing-level impairment and the ALJ referred to the claimant's "impairments" in the plural).

In light of the foregoing, it is hereby **RECOMMENDED**[1] that the plaintiff's

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide <u>de novo</u> review where objections to this report and recommendation are frivolous, conclusive or general. <u>Mira v. Marshall</u>, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. <u>Smith v. Detroit Federation of Teachers</u>, 829 F.2d 1370 (6th Cir. 1987).

motion for summary judgment [Doc. 12] be **DENIED** and that the defendant's motion for summary judgment [Doc. 14] be **GRANTED**.

>                             Respectfully submitted,
>
>                               s/H. Bruce Guyton
>                             United States Magistrate Judge