UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JEREMY N. CRUTCHFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-131 |
| | ) | (VARLAN/GUYTON) |
| JO ANNE BARNHART, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This social security appeal is before the Court for consideration of Plaintiff's Objections to the Magistrate Judge's Report and Recommendation [Doc. 17]. In the Report and Recommendation [Doc. 16], United States Magistrate Judge H. Bruce Guyton, found that defendant Commissioner's decision that plaintiff was not under a disability as a result of his mental condition is supported by substantial evidence in the record as a whole and should be affirmed. He recommended that plaintiff's Motion for Summary Judgment [Doc. 12] be denied and defendant Commissioner's Motion for Summary Judgment [Doc. 14] be granted.

The Court considers only specific objections to a report and recommendation. 28 U.S.C. §§ 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231, Am. Fed'n of Teachers, AFL-CIO*, 829 F.2d 1370 (6th Cir. 1987). The substantial evidence standard of review requires that the Administrative Law Judge's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Sec'y of Health & Human Serv.*, 893 F.2d 106, 108 (6th Cir. 1989)

(citation omitted). If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in plaintiff's favor. *Id.* (citation omitted).

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have differently decided issues of credibility. *Siterlet v. Sec'y of Health & Human Serv.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), however, the Court now undertakes a *de novo* review of those portions of the Magistrate Judge's report and recommendation to which plaintiff objects.

In support of his position that the Magistrate Judge erred in finding that the ALJ's decision was supported by substantial evidence, plaintiff argues that the ALJ erred in evaluating the severity of plaintiff's mental condition. He argues that "substantial evidence of record indicates severe medical impairments of such a degree that they would render the plaintiff unable to sustain gainful employment." [Doc. 17 at 7]. He also argues that the ALJ failed to consider plaintiff's mental impairments in combination, and focused on plaintiff's stabilization following hospitalization. [*See id.* at 6-7].

The Court has carefully reviewed the entire record, including the underlying pleadings [Docs. 12, 13, 14, 15], but cannot conclude that the Magistrate Judge erred in concluding that the ALJ's decision was supported by substantial evidence. As the Magistrate Judge pointed out, plaintiff bears the burden of demonstrating the diagnosis, severity, and functional impact of a mental disorder. [*See* Doc. 16 at 5 (citing *Foster v. Brown*, 853 F.2d 483, 488-89 (6th Cir.

2

1988))]. Plaintiff testified that his condition was controllable when he followed his prescribed treatment. [*See* Tr. 776]. According to the consulting psychological examiners and state agency reviewing psychologists, plaintiff had moderate limitations in his social functioning, concentration, persistence, and pace, along with mild limitations in daily activities. [*See* Tr. 22-23]. As the Magistrate Judge also points out, plaintiff's marijuana use and his statement after his onset date that he was preparing to search for employment again tend to undermine plaintiff's claim of disability. [*See* Doc. 16 at 5-6 (citing Tr. 197, 232, 234, 239-40, 259, 317, 319, 321, 323, 782-83)].

With respect to the ALJ's consideration of plaintiff's stabilization following hospitalization and alleged failure to consider plaintiff's mental impairments in combination, the Court concludes that these arguments are without merit. Because plaintiff's response to treatment is relevant for purposes of determining whether plaintiff has satisfied his burden of showing the diagnosis, severity, and impact of his mental impairment, *see Foster*, 853 F.2d at 488-89, it was appropriate for the ALJ to consider plaintiff's response to hospitalization. While plaintiff argues that the ALJ failed to consider plaintiff's impairments in combination, he does not specify what impairment the ALJ failed to consider in addition to plaintiff's medically diagnosed bipolar disorder, his marijuana use, his anxiety symptoms, and his manic symptoms, all of which were considered. [*See* Tr. 24-25].

For the foregoing reasons, the Court will overrule plaintiff's objections [Doc. 17]. The Court will accept the report and recommendation [Doc. 16] in whole. Accordingly,

plaintiff's Motion for Summary Judgment [Doc. 12] will be denied, and defendant's Motion for Summary Judgment [Doc. 14] will be granted.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE